HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAMES W CLARK,<br><br>                Plaintiff,<br><br>    v.<br><br>STATE OF IDAHO,<br><br>                Defendant. | CASE NO. C16-5978-RBL<br><br>ORDER DENYING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS<br><br>[Dkt. #1] |

THIS MATTER is before the Court on Plaintiff Clark's Motion for Leave to Proceed *in forma pauperis*. Clark seeks to sue the state of Idaho, for wrongs he alleges it committed against him in Boise. Clark was apparently injured in an industrial accident, and went through an administrative process in Idaho that he did not agree with. This case appears to be either an appeal of an Idaho Supreme Court decision, or a request that this Court use the determinations made there to award Clark new damages against the state of Idaho. *See Clark v Cry Baby Foods, et al*., 307 P.3d 1208 (2013)[1].

---

[1] This appears to be the case referenced in Clark's handwritten complaint; the Court located another Idaho appellate opinion that appears to be related, *Idaho v Clark*, 2016 WL 699238.

ORDER DENYING MOTION FOR LEAVE TO
PROCEED IN FORMA PAUPERIS - 1

A district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). The Court has broad discretion in resolving the application, but "the privilege of proceeding *in forma pauperis* in civil actions for damages should be sparingly granted." *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963). Moreover, a court should "deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citations omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). An *in forma pauperis* complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Id.* (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

A *pro se* Plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Clark's proposed pleading does not meet this standard. First there is no indication that this Court has jurisdiction over the claims, or the State of Idaho. Second, it is apparent that this is the wrong venue. Generally speaking, venue is proper in the judicial district where (1) the defendant resides or (2) where the events giving rise to the case took place. 28 U.S.C. §1391(b)(1) and (2). Only where there is no such district can the plaintiff sue in "any judicial district in which [the] defendant is subject to the court's personal jurisdiction." 28 U.S.C.

1 §1391(b)(3). Clark may reside here, but Idaho does not, and all the events in the complaint took
2 place there.

3       Third, if and to the extent this is an appeal of the Idaho Supreme Court's decision, this
4 Court does not have jurisdiction to hear it. This Court cannot and will not review or reverse
5 decisions made in state court. The *Rooker-Feldman* doctrine precludes "cases brought by state-
6 court losers complaining of injuries caused by state-court judgments . . . and inviting district
7 court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*,
8 544 U.S. 280, 284, 125 S. Ct. 1517, 1521, 161 L. Ed. 2d 454 (2005). [W]hen a losing plaintiff in
9 state court brings a suit in federal district court asserting as legal wrongs the allegedly erroneous
10 legal rulings of the state court and seeks to vacate or set aside the judgment of that court, the
11 federal suit is a forbidden de facto appeal. *Noel v. Hall*, 341 F.3d 1148, 1156 (9th Cir.2003);
12 *Carmona v. Carmona*, 603 F.3d 1041, 1050 (9th Cir. 2008).

13       For these reasons, Clark's Motion for Leave to Proceed *in forma pauperis* is **DENIED**.
14 He shall **pay the filing fee** or submit a **proposed amended complaint** within **21 days** of the date
15 of this order, or the case will be dismissed without further notice.

16       Any amended complaint should address these issues and deficiencies. It should endeavor
17 to tell a chronological story that identifies the parties and the facts and the claim for relief, as
18 well as the basis for the court's jurisdiction over the parties and the subject matter. It need not
19 //
20 //
21 //
22 //
23
24

1  and should not be filled with legal citations; those can be addressed later. But Clark must plead

2  plausible facts that would support a claim for relief.

3      IT IS SO ORDERED.

4      Dated this 1st day of December, 2016.

                                            Ronald B. Leighton
                                            United States District Judge